AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br>SAMSUNG GALAZY A23 CELL PHONE (IMEI: 351223622275017) CURRENTLY LOCATED AT THE SARATOGA COUNTY SHERIFF'S OFFICE IN BALLSTON SPA, NEW YORK | Case No. 1:24-MJ-574 (CFH) |

FILED DEC 12 2024 AT ___ O'CLOCK
John M. Domurad, Clerk - Albany

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

located in the Northern District of New York, there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is (check one or more):
☒ evidence of a crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §2252A(a)(5)(B) | Receipt, possession and knowing access with intent to view child pornography |

The application is based on these facts:
Please see attached affidavit.

☒ Continued on the attached sheet.
☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

FBI TFO Megan Davenport
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by Telephone *(specify reliable electronic means)*.

Date: December 12, 2024

City and state: Albany, New York

*Judge's signature*

Hon. Christian F. Hummel,
U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF SAMSUNG GALAZY A23 CELL PHONE (IMEI: 351223622275017) CURRENTLY LOCATED AT THE SARATOGA COUNTY SHERIFF'S OFFICE IN BALLSTON SPA, NEW YORK | Case No. 1:24-MJ- 574 (CFH) |

**Affidavit in Support of an**
**Application for a Search Warrant**

I, Megan Davenport, being first duly sworn, hereby depose and state as follows:

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—that is currently in law enforcement possession, as described in Attachment A, and the extraction from that property of electronically stored information described in Attachment B.

2. I am an investigator with the Saratoga Springs Police Department ("SSPD") and Task Force Officer (TFO) with the Federal Bureau of Investigation (FBI). I have been employed by the SSPD since January 2014 and a TFO with the FBI since June 2024, where I am assigned full-time. I have investigated a variety of violent crimes, including in the areas of child exploitation and drug overdose deaths. I investigate federal violations concerning child pornography and the sexual exploitation of children. I have gained experience regarding such crimes through training in seminars, classes, and everyday work related to conducting these types of investigations.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement officers and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to conclude that violations of 18 U.S.C. §2252A(a)(5)(B) (receipt, possession and knowing access with intent to view child pornography) (the "Subject Offenses") have been committed by Hunter Burnette, and there is probable cause to search the device described below and in Attachment A for evidence of the Subject Offenses, as described in Attachment B.

5. The property proposed to be searched is a Samsung Galaxy A23, IMEI: 351223622275017 and any memory card that may be found in the device ("SUBJECT DEVICE"). The phone is located at the Saratoga County Sheriff's Office ("SCSO"), located in Ballston Spa, New York.

### Basis for a Probable Cause Finding

6. In 2021, Burnette was convicted in Saratoga County Court of promoting a sexual performance by a child, and sentenced to 20 months to 5 years in prison. According to New York State Parole paperwork, this offense involved Burnette uploading child pornography images to a server, including images of a prepubescent female lying on her back with her legs in the air and pants pulled down, fully exposing her vaginal area, and an image of a prepubescent female standing up with a dress unbuttoned showing her underpants pulled down, exposing her vaginal area.

7. On May 8, 2023, Burnette was released to Parole supervision. He was advised of his conditions of release and signed a New York State Department of Community Supervision (DOCCS) Certificate of Release to Community Supervision. Burnette affirmed his conditions of supervision, including the following conditions:

> "I will permit my Parole Officer to visit me at my residence, will permit the search and inspection of my person, residence and property, …"

> "I will NOT use the internet to access pornographic material, access a commercial social network website, communicate with other individuals or groups for the purpose of promoting sexual relations with persons under the age of eighteen, and communicate with a person under the age of eighteen unless I receive written permission from the NYS Board of Parole to use the internet to communicate with a minor child under eighteen years of age, who I am the parent of and who I am not otherwise prohibited from communicating with."

> "If allowed to have a cell phone, I will have only one cell phone, which is subject to search. I will give all passcodes to my cellphone …"

8.  On January 24, 2024, New York State Parole Officer ("PO") Rachel Peterson and PO Colin Rounds went to Burnette's room at the Golden Motel in Malta, New York, after he failed to report to Parole as required on January 23, 2024. They knocked on the door and Burnette answered. PO Peterson informed Burnette why they were there and entered his room. PO Peterson requested Burnette's phone as per his parole conditions. Burnette retrieved his phone (the Subject Device), which was on and open on his bed. Burnette sat on his bed with his phone and leaned back. PO Peterson believed Burnette was trying to hide what was on his phone and possibly delete items on the phone. PO Peterson took the phone from Burnette, after which Burnette placed his hands on his face and began to cry. Because Burnette was on parole for child pornography, PO Peterson went through the photographs on his phone pursuant to the search condition in Burnette's conditions of release. Once PO Peterson opened the photo album on Burnette's phone, she observed what appeared to be a mix of videos and photographs of child pornography, and placed Burnette under arrest for a parole violation.

9.  As a part of her parole search, PO Peterson opened approximately six of the images on Burnette's phone, the SUBJECT DEVICE. PO Peterson stated the images appeared to be a mix of males and females ranging in age from approximately 1 year to 7 years old, including an image depicting a female approximately 1 year of age laying on her back on a bed naked with a penis between her legs.

10.     PO Peterson also checked the internet search history on Burnette's phone. She located a search for "Booru.allthefallen.mo," "toddlers," "baby sounds," and "bukkake." PO Peterson then turned over the Subject Device to the SCSO. Based on my training and experience, I believe that three of these search terms were related to sex, and that the terms "toddlers" and "baby sounds" are ways of searching for child pornography.

11.     On November 7, 2024, SCSO Senior Investigator Matthew Robinson confirmed that the Subject Device was still in the custody of the SCSO.

12.     Based on the foregoing, there is probable cause to conclude that evidence of the Subject Offenses will be found on the SUBJECT DEVICE.

13.     Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

14.     The SUBJECT DEVICE is currently in the lawful possession of the SCSO. It came into the SCSO's possession in the following way: through a parole search of Burnette, as described above. Therefore, while the SCSO and/or FBI might already have all necessary authority to examine the SUBJECT DEVICE, I seek this additional warrant out of an abundance of caution to be certain that an examination of the device will comply with the Fourth Amendment and other applicable laws.

15.     The SUBJECT DEVICE is currently in storage at the SCSO. Based on my conversations with SCSO Senior Investigator Robinson, I understand that the SUBJECT DEVICE has been stored in a manner in which its contents are, to the extent material to this investigation,

in substantially the same state as they were when the SUBJECT DEVICE first came into the possession of PO Peterson and the SCSO.

### Characteristics Common to Collectors of Child Pornography

16. Based on my investigative experience I have learned that people who use the internet and mobile applications on cellular telephones to receive and possess child pornography often have a sexual interest in children and sexually explicit visual depictions of children. Such people commonly have the following characteristics and behaviors.

   a. They receive sexual gratification, stimulation, and/or satisfaction from direct and indirect (e.g., online) contact with children, or from fantasies they may have viewing children engaged in sexual activity or in sexually suggestive poses, such as in person, in photographs, or other visual media, or from literature describing such activity.

   b. They have a sexual interest in children or visual depictions of children, and may collect sexually explicit or suggestive materials in a variety of media, including photographs, magazines, motion pictures, videos, books, slides, and/or drawings. People who have a sexual interest in children or visual depictions of children often use these materials for their own sexual arousal and gratification. Further, they may use these materials to lower the inhibitions of children they are attempting to convince to engage in sexually explicit children, to arouse the selected child partner, and/or to demonstrate the desired sexual acts.

   c. Likewise, people who have a sexual interest in children or visual depictions of children often maintain their collections in a digital or electronic format in a safe, secure, and private environment such as a cell phone, laptop computer, desktop computer, external hard drive, and/or external storage media like flash drives and data cards. These collections (typically on an electronic devices(s)) are often maintained for years and kept close by, usually at the person's

residence, in his vehicle, on his person, or in online storage account that he controls. This type of access enables the individual to view the collection easily.

d.  People who have a sexual interest in children or visual depictions of children also often correspond with and/or meet other like-minded people to share information and materials, rarely destroy correspondence from other child pornography distributors/collectors because they often find such interactions sexually arousing, conceal such correspondence as they do their sexually explicit material, and often maintain lists of names, addresses, and telephone numbers of individuals with whom they have been in contact and who share the same interest in child pornography. This data is typically in digital format, and often maintained on computers, cell phones and in online storage, email accounts or other online communication accounts.

### Electronic Storage and Forensic Analysis

17. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

18. Based on my knowledge, training and experience, I also know that people who collect child pornography often use multiple devices to store and manage their collections. Additionally, digital evidence can be easily transferred from one device to another using various forms of electronic storage including CDs, DVDs, flash drives, and memory cards.

19. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically store information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the SUBJECT DEVICE was used, the purpose for its use, who used it, and when. There is probable

cause to believe that this forensic electronic evidence might be on the SUBJECT DEVICE because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

   d. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

   e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

   f. I know that when an individual uses an electronic device to obtain or exchange child pornography over the Internet, the individual's electronic device will generally serve both

as an instrumentality for committing the crime, and also as a storage medium for evidence of the crime. The electronic device is an instrumentality of the crime because it is used as a means of commuting the criminal offense. The electronic device is also likely to be a storage medium for evidence of crime. From my training and experience, I believe that an electronic device used to commit a crime of this type may contain data that is evidence of how the electronic device was used; data that was sent or received; and other records that indicate the nature of the offense.

20. *Nature of examination.* Based on the foregoing, and consistent with Rule 41 (e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

21. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## Conclusion

22. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the SUBJECT DEVICE described in Attachment A to seek the items described in Attachment B.

**Attested to by the affiant.**          Respectfully submitted,

_____
Megan Davenport
FBI Task Force Officer

I, the Honorable Christian F. Hummel, United States Magistrate Judge, hereby acknowledge that this affidavit was attested to by the affiant by telephone on December 12, 2024, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

_____
Hon. Christian F. Hummel
United States Magistrate Judge

## ATTACHMENT A

The SUBJECT DEVICE to be searched is a Samsung Galaxy A23, IMEI: 351223622275017, currently located at the Saratoga County Sheriff's Office in Ballston Spa, New York.

This warrant authorizes the forensic examination of the SUBJECT DEVICE, and any memory card that may be found within the SUBJECT DEVICE, for the purpose of identifying the electronically stored information described in Attachment B.

## **ATTACHMENT B**

All records, documents, communications and information constituting fruits, evidence, and/or instrumentalities of violations of Title 18, United States Code, Section 2252A(a)(5)(B), possession, receipt and knowing access with intent to view child pornography, including:

a. Records concerning the receipt and/or possession of any visual depiction of a child engaged in sexually explicit conduct and evidence of how any such depiction was received, including evidence of what device(s) was used to receive or possess the visual depiction and what application(s) was used to receive or possess the visual depiction and who was responsible for the receipt and/or possession of the depiction, including evidence of attribution for any device used to receive/possess such material;

b. Any visual depictions of a minor engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, and any visual depictions that might not meet the definition in the foregoing section but that might be considered child erotica;

c. All evidence of Internet use involving the Subject Device, including but not limited to all Internet connections made by the Subject Device, and any and all Internet searches and search terms evidencing an intent to access, search for and trade, download, upload or possess files containing child pornography;

d. Correspondence and communications pertaining to the crimes under investigation, including but not limited to e-mail, text messages, chat logs, and encrypted messages;

e. Information or correspondence pertaining to affiliation with any child exploitation bulletin boards, chat forums, or organizations;

2

f.    Any child erotica, defined as suggestive visual depictions of nude minors which do not constitute child pornography as defined by 18 U.S.C. § 2256(8) or visual depictions of minors engaged in sexually explicit conduct as defined by 18 U.S.C. § 2256(2);

g.    Evidence of user attribution showing who used or owned the Subject Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history; and

h.    Records of any passwords, passcodes, electronic keys, encryption codes, or any other electronic record for the purpose of using such records to gain access to all or part of the data on the SUBJECT DEVICE authorized to be seized and searched pursuant to this warrant.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorney for the government and their support staff for their independent review.